JUSTICE ROVIRA
delivered the opinion of the Court.
This is an action brought in the Denver District Court by the appellants to enjoin the allegedly unconstitutional expenditure of public funds. The complaint alleged that the appellants were taxpayers and citizens of the State of Colorado, that public funds were being used to finance non-therapeutic abortions and that such expenditures were in contravention of *381 Article V, Section 33 (1978 Supp.),[1] of the Colorado Constitution. The complaint further alleged that the appellees have no statutory authority, with or without specific appropriation by the legislature, to use public funds for abortions. The appellants have asked that the appellees be enjoined from using such funds for the payment of abortions and that the court enter a declaratory judgment or decree determining that their use for abortions is illegal.
The appellees moved to dismiss the complaint on the ground that appellants lacked standing to maintain the action. The trial court, on the authority of Wimberly v. Ettenberg, 194 Colo. 163, 570 P.2d 535 (1977), granted the motion. The appellants appealed that judgment to the Colorado Court of Appeals. The appellees, with the consent of the appellants, sought a writ of certiorari from this court pursuant to C.A.R. 50. We granted the writ, and for the reasons hereafter stated we hold that the appellants do have standing as taxpayers to maintain this action.
The only issue to be addressed on this appeal is: Under what circumstances, if any, does the taxpayer/citizen have standing to challenge an allegedly unlawful expenditure of public funds?
This court has held on several occasions that a taxpayer has standing to seek to enjoin an unlawful expenditure of public funds. Johnson-Olmsted Realty Company v. City and County of Denver, 89 Colo. 250, 1 P.2d 928 (1931); Leckenby v. The Post Company, 65 Colo. 443, 176 P. 490 (1918); Packard v. Board of County Commissioners, 2 Colo. 338 (1874).
In 1977 we decided Wimberly v. Ettenberg, supra, a case in which bail bondsmen, claiming economic injury, sought to enjoin the county court from allowing defendants to deposit cash equal to ten percent of their bail as a condition for pretrial release.
In that case, after reviewing past decisions of the United States Supreme Court, we announced a two-step analysis to be followed in order to resolve issues on standing: (1) did the plaintiff incur an injury in fact?[2] (2) if so, was it to a legally protected interest encompassed by statutory or constitutional provisions which allegedly have been violated?[3]
We found that the plaintiffs in Wimberly failed to meet either of these criteria because (1) their alleged economic injury was too indirect *382 and incidental to be an injury in fact, and (2) they did not establish that their alleged injury was to a legal right protected by statutory or constitutional provision.
Applying the Wimberly test to the case sub judice, we note that the second criterion has been met by the averment that the allegedly wrongful expenditure of funds violated Colo. Const. Art. V, Sec. 33 (1978 Supp.), and that the appellees had no statutory authority to expend public funds for abortions. Our inquiry thus turns on whether the first criterion was met; i.e., whether the expenditure constituted an injury in fact to these plaintiffs.
Plainly, there is no direct economic injury in fact here. Wimberly, supra. However, injury in fact may be found in the absence of direct economic injury. See United States v. SCRAP, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). Two cases considered by this court, and another addressed by the United States Supreme Court, reflect that principle and are persuasive in our resolution of the controversy in this case.
In Howard v. City of Boulder, 132 Colo. 401, 290 P.2d 237 (1955), a taxpayer brought an action challenging the constitutional validity of a proposed amendment to the Boulder city charter. Although the proposal had no adverse economic effect on the plaintiff, we found that he had standing because of his interest that the form of government under which he lived be in accord with the state constitution.
More recently, in Colorado State Civil Service Employees Association v. Love, 167 Colo. 436, 448 P.2d 624 (1968), state employees challenged the constitutional validity of the Administrative Reorganization Act of 1968. We found that the plaintiffs there had standing because of their interest in ensuring that the organization of government conforms to the constitution of this state. In that case, we stated:
“The rights involved extend beyond self-interest of individual litigants and are of ‘great public concern.’ Petitioners state a justiciable controversy, because they claim violation of the Civil Service Amendment [to the state constitution]. ...”
Finally, in Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), taxpayers challenged the expenditure of federal funds to parochial schools, alleging that such an action violated the First Amendment to the United States Constitution. The United States Supreme Court determined as a test for standing that the taxpayer must establish: (1) a nexus between his status as a taxpayer and the government action, and (2) a nexus between his status as a taxpayer and a specific constitutional provision which allegedly has been violated. The Court held that the plaintiffs had standing because they alleged that the administrative expenditure of funds violated a specific constitutional provision. Such an averment satisfied the two-step standing analysis utilized by the Court in that case, *383 which was similar to the criteria adopted by this court in Wimberly, supra.
We thus hold that the appellants have standing to litigate the issue of whether there has been a violation of Colo. Const. Art. V, Sec. 33 (1978 Supp.), and whether the appellees have the statutory authority to use public funds for nontherapeutic abortions. However, we emphasize that nothing in this decision should be interpreted to indicate this court’s opinion as to the merits of the substantive arguments of the appellants.
Reversed and remanded for further proceedings.
JUSTICE ERICKSON and JUSTICE DUBOFSKY specially concur.

 Colo. Const. Art. V, Sec. 33 (1978 Supp.):
“No moneys in the state treasury shall be disbursed therefrom by the treasurer except upon appropriations made by law, or otherwise authorized by law, and any amount disbursed shall be substantiated by vouchers signed and approved in the manner prescribed by law.”

 See Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).

 See Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).